Carolyn E. Sieve, CA Bar No. 182763
carolyn.sieve@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714.800.7900
Facsimile:   714.754.1298

Audrey M. Calkins TN Bar No. 030093 (pro hac vice pending)
audrey.calkins@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
International Place, Tower II
6410 Poplar Avenue, Suite 300
Memphis, TN  38119
Telephone:  901.766.4315
Facsimile:   901. 767.7411

Attorneys for Plaintiff ERGOLUTION, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DISTRICT**

| | |
|---|---|
| ERGOLUTION, INC., <br><br>             Plaintiff, <br><br>      v. <br><br> KRISTI HOUSE-JORCYK; VICTOR JORCYK; ERGOLUTION ENTERPRISES and DOES 1 to 50, inclusive, <br><br>             Defendants. | Case No. <br><br> **COMPLAINT** <br><br> [JURY DEMAND] <br><br> Action Filed: <br> Trial Date:         None |

COMPLAINT

# COMPLAINT

1. Plaintiff Ergolution, Inc. ("Plaintiff" or "Ergolution") brings and files this action against Kristi House-Jorcyk and Victor Jorcyk (collectively "the Jorcyks"), and Ergolution Enterprises (collectively "Defendants") under and pursuant to the Lanham Act and alleges as follows:

## Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because they reside in this District, they have transacted, done, or solicited business in this District, and a substantial part of the relevant events occurred in this District.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1)-(2).

## The Parties

5. Ergolution is a California corporation with its principal place of business at 7753 Ostrom Avenue, Van Nuys, CA 91406. Its headquarters is located it 2554 Lincoln Blvd. # 159, Venice, CA 90291. Ergolution provides online non-downloadable software for use in ergonomic and human resources management.

6. On information and belief, the Jorcyks are citizens of the State of California and reside at 528 Laguna Place, Seal Beach, CA 90740, where they can be served with process.

7. On information and belief, Ergolution Enterprises is a sole proprietorship operated by the Jorcyks. Ergolution Enterprises can be served with process at 528 Laguna Place, Seal Beach, CA 90740. On information and belief, Ergolution Enterprises provides ergonomic solutions to reduce the frequency and severity of work injuries or claims.

///
///

# FACTS

## Ergolution's Trademark

8. Ergolution owns a trademark Certificate of Registration issued by the United States Patent and Trademark Office ("PTO"), Registration Number 4032124, with an effective date of September 27, 2011 ("the Mark").

9. This registration covers the word "Ergolution," and a true and correct copy of the PTO's database reflecting Ergolution's trademark is attached as Exhibit 1.

## Ergolution Enterprises and the Jorcyks Infringe Ergolution's Mark

10. The Jorcyks and Ergolution Enterprises operate a business which purportedly provides "cost-effective and comprehensive" ergonomic solutions designed to "reduce the frequency and severity of work injuries or claims." Ergolution Enterprises operates a website, https://ergolutionenterprise.clickbook.net/sub/ergolutionenterprise#.VfYfef6FPIU, asserting this information. A true and correct printout from the Ergolution Enterprises Clickbook Website is attached as Exhibit 2.

11. Because Ergolution provides software and ergonomic support to its customers, both Ergolution and Ergolution Enterprises are engaged in a similar business.

12. Ergolution Enterprises has a geographic footprint similar to Ergolution's: both businesses advertise and operate in Southern California.

13. When Ergolution googled the word "ergolution" on September 14, 2015, Ergolution Enterprises appeared on the second page of search results amid many hits for websites referring to Ergolution. *See* September 14, 2015 Google Search Results, attached as Exhibit 3.

14. Kristi Jorcyk has a LinkedIn page, available at https://www.linkedin.com/profile/view?id=ADEAAAXjhaMBvEknNHF0GeFRPf6sxT3vUMzW_IY&authType=name&authToken=Fk0m&locale=en_US&srchid=841592861442251523941

&srchindex=7&srchtotal=8&trk=vsrp_people_res_name&trkInfo=VSRPsearchId%3A841592861442251523941%2CVSRPtargetId%3A98796963%2CVSRPcmpt%3Aprimary%2CVSRPnm%3Afalse%2CauthType%3Aname, where she identifies herself as a Senior Consultant for Ergolution Enterprise.  *See* LinkedIn Page, attached as Exhibit 4.

15. Ergolution Enterprises also operates a Clickbook page, and a search for the word "ergolution" returned two results: Ergolution and Ergolution Enterprises. *See* Ergolution Enterprises Clickbook Page and Ergolution Clickbook Search Results, attached as Exhibits 2 and 5, respectively.

16. Ergolution sent Ergolution Enterprises and the Jorcyks a letter notifying them of their infringement on August 3, 2015.  A true and correct copy of the Cease and Desist Letter is attached as Exhibit 6.  This letter requested them to cease and desist using the Mark on Ergolution Enterprises' website and doing business as "Ergolution Enterprises" and to remove the Mark from Kristi Jorcyk's LinkedIn profile.  *Id.*

17. Ergolution received confirmation from FedEx that the Jorcyks received the letter on August 4, 2015.  *See* FedEx Confirmation Email, attached as Exhibit 7. The Jorcyks' signature was required to receive the letter, and "V. Joryck" signed for it.  *Id.*

18. Neither Ergolution Enterprises nor the Jorcyks responded to the letter or provided any assurances that they would cease their unauthorized use of the Mark.

## COUNT I

## **Trademark Infringement, 15 U.S.C. § 1051 *et seq.***

19. Ergolution re-alleges and incorporates by reference the preceding paragraphs.

20. Ergolution owns a valid trademark, Registration Number 2385356, for use in providing online non-downloadable software for use in ergonomic and human resource development.  Ergolution first used this mark in commerce on October 1,

1  2009.

2  21. Because Ergolution's use of its Mark has been both long and
3  widespread, the mark "Ergolution" has become famous in the marketplace and is
4  widely recognized as a source indicator for Ergolution.

5  22. Pursuant to 15 U.S.C. § 1115, Ergolution's registration is *prima facie*
6  evidence of the validity of the Mark, of Ergolution's ownership of its Mark, and
7  Ergolution's exclusive right to use the Mark in commerce in connection with the
8  goods or services specified in the registration.

9  23. By using Ergolutions's registered trademark as described above,
10 Ergolution Enterprises and the Jorcyks used Ergolution's registered trademark in
11 commerce, in connection with the sale, offering for sale, distribution, and advertising
12 of its goods and services in a manner which is likely to cause confusion or mistake or
13 to deceive in violation of 15 U.S.C. § 1114.

14 24. Ergolution Enterprises and the Jorcyks have used Ergolution's
15 registered mark without Ergolution's permission, authority, or consent.

16 25. Ergolution Enterprises and the Jorcyks' infringement of Ergolutions's
17 Mark is willful.

18 26. As a result of Ergolution Enterprises and the Jorcyk's actions,
19 Ergolution has been damaged and is entitled to damages pursuant to 15 U.S.C. §
20 1117, together with costs and attorney's fees pursuant to 15 U.S.C. §§ 1114, 1116,
21 and 1117.

## COUNT II

**Violation of Cal. Bus & Prof. Code § 17200 *et seq.* for Unfair Competition**

24 27. Ergolution re-alleges and incorporates by reference the preceding
25 paragraphs.

26 28. As described in the preceding paragraphs, Defendants' willful, unlawful
27 use of Ergolution's Mark has created a likelihood of confusion among the public.

28 29. Defendants' willful, unlawful use of Ergolution's Mark is an unlawful

1 and unfair business practice constituting unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

30. Defendants' unfair competition has injured and damaged Plaintiff.

31. Defendants have irreparably injured Plaintiff. This irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## COUNT III

### California Common Law Unfair Competition

32. Ergolution re-alleges and incorporates by reference the preceding paragraphs.

33. As a result of Defendants' use of Ergolution's Mark, Defendants have willfully created a likelihood of confusion and have unfairly competed with Ergolution in violation of California common law.

34. Defendants' willful acts of unfair competition have damages Plaintiff and caused irreparable injury in an amount to be determined at trial.

35. Defendants' willful acts of unfair competition under California common law constitute fraud, oppression, and/or malice. Accordingly, Plaintiff is entitled to exemplary damages pursuant to Cal. Civ. Code § 3294(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for relief as follows:

1. That Ergolution Enterprises, the Jorcyks, their agents, servants, and all those acting in concert with them be enjoined during the pendency of this action and permanently from infringing on said trademarks of Plaintiff in any manner, and from using in commerce, offering for sale, distribution, or advertising any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive;

2. That the Court require the Jorcyks and Ergolution Enterprises to cease

doing business as "Ergolution Enterprises" and to remove the word "Ergolution" from their online presences, including but not limited to Clickbook and LinkedIn;

3. That Ergolution Enterprises and the Jorcyks be required to pay to Plaintiff statutory damages for each act of trademark infringement, pursuant to 15 U.S.C. § 1117, and such other damages as Plaintiff has suffered as a consequence of their infringement of said trademark and to account for all sales, gains, profits, and advantages derived by their infringement of Plaintiff's trademark, or such other damages as shall appear proper to the Court within the provisions of the Lanham Act;

4. That the Court award Plaintiff injunctive relief restraining and prohibiting Defendants from retaining, disclosing, disseminating, using, or otherwise misappropriating Plaintiff's Mark and unfairly competing with Plaintiff by use of such Mark.

5. That Ergolution Enterprises and the Jorcyks pay to Plaintiff all costs and expenses of this action, plus reasonable attorney's fees;

6. That the Court award exemplary damages for Defendants' fraudulent, oppressive, or malicious violation of California common law;

7. That the Court enter judgment in Plaintiff's favor against Defendants on all claims for relief alleged in this Complaint; and

8. That Plaintiff be awarded such other and further relief as this Court deems just and equitable.

///
///
///
///
///
///
///

## Jury Trial Demand

Plaintiff demands a trial by jury.

DATED:  September 28, 2015

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/  Carolyn E. Sieve
     Carolyn E. Sieve
     Audrey M. Calkins

Attorneys for Plaintiff
ERGOLUTION, INC.